# In the United States Court of Federal Claims

No. 26-398
(Filed Under Seal: July 16, 2026)
Reissued: July 29, 2026[1]

| | |
|---|---|
| MILLBROOK SUPPORT SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*Meghan F. Leemon*, PilieroMazza PLLC, Washington, D.C., for plaintiff.

*Amanda L. Tantum*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

**OPINION & ORDER**

This bid protest comes before the Court on the Government's motion to dismiss. Plaintiff, Millbrook Support Services, Inc. ("Millbrook"), challenges the United States Department of Veterans Affairs' (the "VA") determination that Millbrook was ineligible for award of Task Order No. 36C25626F0014 (the "Task Order") because Millbrook did not qualify as a service-disabled veteran-owned small business ("SDVOSB") under applicable procurement regulations at the time the Task Order was awarded. *See generally* Compl., ECF No. 1.

Millbrook's first claim for relief alleges that the VA acted arbitrarily and capriciously when the agency concluded that Millbrook was ineligible for the Task Order because it did not meet the small business size standards at the time the Task Order was awarded. *Id*. ¶¶ 32–55. According to Millbrook, the VA should have only considered a size determination made by the United States Small Business Administration ("SBA") several years earlier when the company was awarded its umbrella contract rather than at the time the Task Order was awarded. *Id*. ¶ 33–35. Millbrook's second claim alleges that the VA erred when the agency "unilaterally" determined that Millbrook "was other than small and ineligible for award." *Id*. ¶ 58. In Millbrook's view, the

[1] A sealed version of this opinion and order was issued on July 16, 2026. *See* ECF No. 25. In that opinion, the Court requested that the parties identify any protected and/or privileged materials that should be redacted in the publicly accessible version of this opinion. *Id*. at 8 n. 1. The parties have confirmed that the full opinion and order can be filed without redactions. *See* Joint Notice at 1, ECF No. 31.

VA's contracting officer lacked the authority to determine whether offerors met the size requirements for the Task Order because the SBA has "exclusive authority to determine a concern's size status." *Id.* ¶ 58. Thus, the VA lacked authority to "make a size determination itself" and was required "to refer the matter to SBA" for a "formal size determination." *Id.* ¶¶ 59–60; *See* VA Acquisition Regulation ("VAAR") § 819.307-70 (requiring all size, status, and small business eligibility protests be subject to SBA regulations at 13 C.F.R 21).

The Government has moved to dismiss Millbrook's claims. *See* United States' Mot., ECF No. 18. The Government asserts that Millbrook's first claim fails as a matter of law because the company was ineligible for award of the Task Order under procurement regulations promulgated by the VA. *Id.* at 15–28. Millbrook's second claim also cannot survive because "the VA did not make any determination about Millbrook's size." *Id.* at 30. In fact, the Government contends that the VA relied on an existing size determination published by the SBA, which the VA's contracting officer was required to consult under the VA regulations to ensure the offeror met the criteria for award. *Id.*

For the reasons explained below, the Court **GRANTS** the Government's motion to dismiss, ECF No. 18, and **DISMISSES** Millbrook's complaint.

## I. Background

### A. The FSS Contract and Solicitation

In July 2021, Millbrook was awarded Federal Supply Schedule Contract No. 36F79721D0203 (the "FSS Contract"), a multiple award contract with a performance period running through July 2026. *See* Compl. ¶ 16. Almost four years later, the VA issued a request for quotations (the "Solicitation") in April 2025 that sought offers by FSS contract holders to supply various nursing services at a VA-health center in New Orleans, Louisiana. *Id.* ¶¶ 20, 22. The Solicitation contemplated the award of "a 5-year task order off an existing GSA Contract with ordering periods." *Id.* ¶ 22. Importantly, the VA issued the Solicitation as an SDVOSB set-side under the North American Industry Classification System ("NAICS") Code 561320 with a size standard of $34 million. *Id.* ¶ 20.

The VA issued the Solicitation under its Veterans First ("Vets First") Contracting Program, which was created after Congress enacted the Veterans Benefits, Health Care, and Information Technology Act of 2006, 38 U.S.C. § 8127. Under the Vets First Program, the VA has independent authority to set aside procurements for SDVOSB concerns. *See* § 8127(a). Based on this authority, the VA has promulgated its own regulations that SDVOSB offerors must satisfy to be eligible for award. Section 819.7003 of the VA Acquisition Regulation ("VAAR") is one such regulation. This rule provides that:

> At the time of submission of offers/quotes, and ***at the time of award of any contract***, the offeror must represent to the contracting officer that it is a—
>
> (1) SDVOSB or VOSB eligible under this subpart;
>
> (2) ***Small business concern under the North American Industry Classification System (NAICS) code assigned to the acquisition***; and

(3) Listed as a verified SDVOSB/VOSB on the VA's Vendor Information Pages (VIP) at *https://www.vetbiz.va.gov/vip/*.

*See* VAAR § 813.7003(b) (emphasis added). The VA regulations also require the agency's contracting officers to ensure that offerors are "certified SDVOSBs listed in the SBA certification database" both "at the time of submission of offers ***and at time of award***" and that offerors "affirmatively represent their SDVOSB and small business status based on the size standard corresponding to the North American Industrial Classification System (NAICS) code assigned to the solicitation/contract, as set forth in 819.7003(b) or (c)." *See* VAAR § 819.7006(b) (DEVIATION) (2023) (emphasis added).

### B. The VA Awards the Task Order to Millbrook before Rescinding It

After Millbrook submitted its offer, the VA selected Millbrook as the awardee of its Task Order on November 10, 2025. *See* Compl. ¶ 24 (citing Pl.'s Ex. D). But later that day, the agency informed Millbrook that certain disappointed bidders raised concerns that Millbrook was not an eligible SDVOSB under the NAICS code assigned to the acquisition, as required by the VA's procurement regulations. *Id*. (citing Pl.'s Ex. E). After its own review, the VA concluded that Millbrook did not qualify as an SDVOSB for the NAICS code at the time of the award and rescinded the award of the Task Order on November 13, 2025. *Id*. ¶ 29; United States' Mot. at 12. Because Millbrook was not an SDVOSB for the assigned NAICS code at the time of award of the Task Order, the company did not meet the eligibility requirements under VAAR § 819.7003(b). *See* Compl. ¶¶ 24, 26, 29; United States' Mot. at 12–13.

### C. Millbrook Challenges the VA's Decision to Rescind Award of the Task Order by Filing a Protest with the Government Accountability Office

Millbrook initially challenged the VA's decision to rescind award of the Task Order by filing a protest with the Government Accountability Office ("GAO"). The allegations asserted by Millbrook in that action are materially identical to the allegations raised by Millbrook in this action.

On February 23, 2026, the GAO issued a decision dismissing Millbrook's protest. *See Millbrook Support Servs., Inc.*, 2026 WL 564648 (Comp. Gen. Feb. 23, 2026). The GAO first found that the VA "properly determined it could not issue the order to" Millbrook because the company did not meet VAAR § 819.7003's eligibility requirements. *See* GAO Order at *6. More specifically, the GAO concluded that the VA correctly determined that Millbrook was ineligible for award of the Task Order because Millbrook did not qualify as an SDVOSB under the applicable NAICS code at the time the Task Order was awarded. *Id*. at *7.

As the GAO recognized, the Vets First Program constitutes "a separate and independent statutory" scheme "with regulations promulgated pursuant to that authority." *Id*. at *6. Although the SBA's regulations "establish the default eligibility rules" for "when a firm's size status is determined for purposes of orders placed against its FSS contract," the Vets First Program imposes "more stringent or otherwise different" requirements than those established by the SBA. *Id*. The VAAR regulations reflect those more stringent standards. *Id*.

The GAO also rejected Millbrook's claim that the VA's actions usurped the SBA's authority and constituted an impermissible size determination. *Id*. at *5. There, as here, Millbrook

argued that the VA's contracting officer could not determine whether offerors met the size eligibility criteria and was required to forward any protests to the SBA for formal size determination. *Id.*; *see also* Compl. ¶¶ 25, 27. Disagreeing with Millbrook, the GAO found that "the record does not demonstrate that the agency made any size determination" and that the VA "merely cross-checked whether Millbrook met the requirements for award under a SDVOSB set-aside made pursuant to Vets First" by searching the SBA database. *Id.* The SBA database confirmed that Millbrook was not identified as a small business concern under the Solicitation's NAICS code.

## II. Procedural History

Millbrook filed its operative complaint with the Court on March 10, 2026, asserting two claims for relief. *See* Compl. ¶¶ 32–84. Millbrook also requested injunctive relief that would compel the VA "to find that Millbrook is eligible for the" Task Order and direct the agency to award the Task Order to Millbrook. *Id.* ¶ 3 ("Request for Relief").

In April 2026, the Government moved to dismiss Millbrook's complaint under RCFC 12(b)(6) for failure to state a claim. *See* United States' Mot. Millbrook subsequently filed a response in opposition to the Government's motion to dismiss in late May 2026. *See* Pl's. Resp., ECF No. 19. Written briefing concluded when the Government filed its reply brief on June 9, 2026. *See* United States' Reply Br., ECF No. 23.

## III. Legal Standards

### A. Legal Standard for Motion to Dismiss

To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing the allegations in a complaint, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *M.R. Pittman Grp., LLC v. United States*, 154 Fed. Cl. 241, 243 (2021) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). However, the court must dismiss a complaint when "the facts asserted do not give rise to a legal remedy." *Prairie Cnty. v. United States*, 782 F.3d 685, 688 (Fed. Cir. 2015) (citation omitted). Issues of statutory or regulatory interpretation involve questions of law which can be properly resolved at the motion to dismiss stage. *Barton v. Adang*, 162 F.3d 1140, 1144 (Fed. Cir. 1998); *Silver Buckle Mines v. United States*, 117 Fed. Cl. 786, 791 (2014). If the court determines that the correct interpretation precludes the claimants from stating a claim as a matter of law, then dismissal is appropriate. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

### B. Bid Protest Jurisdiction and Legal Standard for Review of Agency Decisions

The Tucker Act confers jurisdiction upon this court to "render judgment on an action by an interested party objecting to a solicitation by a federal agency for bids or proposals for a

proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). To be an interested party, a protestor must show it is an "actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *PDS Consultants, Inc. v. United States*, 907 F.3d 1345, 1356 (Fed. Cir. 2018) (quoting 31 U.S.C. § 3551(2)(A)).

In bid protests, this court reviews a procuring agency's decision under the Administrative Procedures Act's ("APA") standard of review. *See* U.S.C. § 1491(b)(4). Under this standard, the court will only set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Agency action is arbitrary and capricious if it lacked a rational basis or if the agency's decision-making involved a clear and prejudicial violation of statute, regulation, or procedure. *Team Waste Gulf Coast, LLC v. United States*, 135 Fed. Cl. 683, 686 (2018) (citing *Emery Worldwide Airlines v. United States*, 264 F.3d 1071, 1085–86 (Fed. Cir. 2001)). Examples include "when the agency entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or [the decision] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Ala. Aircraft Indus., Inc.-Birmingham v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (internal quotations marks and citation omitted).

To be clear, the arbitrary and capricious standard is "highly deferential." *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000). This court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, Inc., 419 U.S. 281, 286 (1974) (citation omitted).

## IV. Discussion

### A. The VA's Determination that Millbrook was Ineligible for the Task Order Award was Not Arbitrary or Capricious.

Millbrook's first claim alleges that the VA acted arbitrarily and capriciously when it concluded that Millbrook was ineligible for the Task Order award. *See* Compl. ¶¶ 32–55. In Millbrook's view, the agency erred because the company was a qualifying SDVOSB under NAICS Code 561320 at the time it was awarded the FSS Contract. *Id.* ¶¶ 33–35, 41. Because Millbrook was an SDVOSB at the time it was awarded its FSS Contract—in July 2021—the company asserts that it also qualified as an SDVOSB in November 2025. *Id.* ¶ 50. Thus, Millbrook "would have retained the [Task Order] award but for the Contracting Officer's unilateral and erroneous size determination." *Id.* ¶ 51.

To support its argument, Millbrook relies on regulations promulgated by the SBA providing that size determinations made at the FSS contract level apply to orders made in accordance with the underlying FSS contract. *See* 13 C.F.R. §§ 121.404(c)(4)(i), 128.401(d)(1)(i)(A) (2026). Under this theory, Millbrook was a qualifying SDVOSB "for all orders under its FSS Contract through July 14, 2026," including the Task Order at issue here. *See* Compl. ¶ 19. Millbrook further claims that the SBA regulations control over non-SBA regulations promulgated under different statutory authorities, including those that may impose more stringent requirements. *Id.* ¶ 40.

In its motion, the Government does not dispute that the SBA regulations govern whether a business concern qualifies as an SDVOSB. *See* United States' Mot. at 29. Rather, the Government asserts that VAAR provisions applicable to this procurement create more stringent eligibility requirements for SDVOSB set asides than the "more lenient SBA regulations." *Id*. at 8. Thus, Millbrook was ineligible for the award and the VA's finding of ineligibility and subsequent rescission was not arbitrary and capricious. *Id*. The Government points to the GAO's findings, which concluded that the SBA regulations reflect "default eligibility rules." *See* GAO Order at *6. However, the VAAR regulations—authorized by a "separate and independent statutory" scheme—supplement those default rules with "more stringent or otherwise different" eligibility requirements than the ones established by SBA regulations. *Id*. Those regulations require an offeror in an SDVOSB set aside to meet the SDVOSB eligibility criteria *both* at the time offers were submitted and *at the time of an award*. *See* United States' Mot. at 18. In the Government's view, Millbrook did not meet the VAAR requirements because the company was not an SDVOSB for the assigned NAICS Code at the time of the Task Order award. *Id*.

"When construing a regulation, it is appropriate first to examine the regulatory language itself to determine its plain meaning." *Hanser v. McDonough*, 56 F.4th 967, 970 (Fed. Cir. 2022) (quoting *Goodman v. Shulkin*, 870 F.3d 1383, 1386 (Fed. Cir. 2017)). Courts "attempt to give full effect to all words contained within [a] statute or regulation, thereby rendering superfluous as little of the statutory or regulatory language as possible." *Glover v. West*, 185 F.3d 1328, 1332 (Fed. Cir. 1999). "If the regulatory language is clear and unambiguous, the inquiry ends with the plain meaning." *Goodman*, 870 F.3d at 1386.

After careful consideration, the Court finds that the VA did not err when considering the plain and unambiguous language of the applicable VAAR regulations. Here, the VAAR regulations at issue require an offeror in a small business set aside to be (1) an eligible SDVOSB or VOSB under this subpart; (2) an eligible small business concern under the applicable NAICS code; and (3) a certified SDVOSB/VOSB listed in the SBA's certification database. *See* VAAR § 819.7003(b). Those requirements apply both "[a]t the time of submission of offers/quotes" and "at the time of award of any contract." VAAR § 852.219.73(b)(2); *see Advanced Mgmt. Strategies Grp. v. United* States, 139 Fed. Cl. 404, 413–15 (2018) (finding plaintiff was eligible for award because it was certified in the appropriate databases at both time of submission and time of award).

Although Millbrook argues that the VA failed to apply default SBA regulations for determining the size of a business concern, those rules only supply the baseline requirements for orders placed against the FSS Multiple Award Schedule contract. *See* C.F.R. §§ 121.404(c)(4)(i), 128.401(d)(1)(i)(A). Those general default rules were supplemented with more stringent regulations promulgated by the VA under separate and independent statutory authority. The VA regulations were also incorporated into the Solicitation. *See* Compl. Ex. C at 1, 40–43.

Millbrook asserts that it met these requirements at the time of the Task Order award—in November 2025—because the company previously met these requirements when it was awarded the FSS Contract in 2021. *See* Compl. ¶¶ 6, 17, 19, 50. Thus, Millbrook should be deemed to have also met these requirements at the time of the Task Order award. The Court disagrees. It is undisputed that Millbrook was neither a small business concern under NAICS Code 561320 nor a certified SDVOSB listed in the SBA's certification database at the time of the Task Order award

in November 2025. *See* Compl. ¶ 6 (maintaining Millbrook is eligible for award of the Task Order because it qualified under the applicable NAICS code under its FSS contract); United States' Mot. at 19–20 (noting that Millbrook does not allege that it was a small business under the applicable NAICS code at the time of the Task Order award). By its terms, the VAAR regulations apply to "any contract," thereby encompassing subsequent task orders, which are also contracts. To qualify for this procurement, Millbrook was required to meet the VA's procurement regulations, including § 819.7003(b), at the time the Task Order was awarded. This Millbrook did not do.

In sum, the Court disagrees with Millbrook that the VA's determination that Millbrook was ineligible for the award of the Task Order was arbitrary, capricious, or inconsistent with the applicable law. Accordingly, the Court **GRANTS** the Government's motion to dismiss Count I of Millbrook's complaint.

### B. The VA did not act arbitrarily and capriciously when the contracting officer reviewed Millbrook's NAICS code.

Millbrook second claim asserts that the VA erred when the agency failed to refer the size determination to the SBA. *Id.* ¶¶ 56–84. In Millbrook's telling, the SBA retains "conclusive authority to determine matters of small business size status for federal procurements." *Id.* ¶ 57. Consequently, the VA's decision to review the company's information in the SBA's database to verify whether Millbrook was a qualifying SDVOSB at the time the Task Order was awarded amounted to an impermissible "size determination" in violation of federal procurement law. *Id.* ¶¶ 57–60, 69–77.

The Government does not dispute that the SBA has responsibility for making formal determinations about whether a business concern meets the eligibility requirements of an SDVOSB. *See* United States' Mot. at 29. The Government, however, disagrees that a formal size determination occurred because the VA's contracting officer did not "independently determine" Millbrook's size status. *Id.* Nor did the contracting officer "usurp the SBA's authority to make a judgment regarding Millbrook's status as an SDVOSB concern." *Id.* Instead, "[t]he contracting officer simply performed his VAAR-imposed duty of ensuring that Millbrook was in fact eligible for a task order award under the Vets First program." *Id.* at 30.

The Court agrees with the Government. Contrary to Millbrook's characterization, the VA did not undertake a formal size determination of a business concern. In reality, the agency's contracting officer discharged its regulatory duty by verifying the company's size information based on information stored in the SBA's own database regarding Millbrook's size status. *Id.* at 29–30. The SBA database confirmed that Millbrook was not a qualifying SDVOSB under NAICS code 561320 at the time of the Task Order award. *Id.* at 30.

The Court disagrees with Millbrook's assertion that the VA's contracting officer could take no action and was simply required "to refer the matter to SBA" or "file its own size protest and forward such to the SBA." *See* Compl. ¶¶ 8, 59. Whatever gloss Millbrook wants to place on the contracting officer's actions, they do not change the fact that the VA was relying on an existing size determination published by the SBA. The contracting officer was required to perform this duty under VA regulations. *See* VAAR § 819.7006(b)(1) (requiring contract officers to ensure offerors are verified as eligible in the SBA certification database at time of submission and award

and affirmatively represent their SDVOSC and small business status based on the applicable NAICS code).

Millbrook cautions that the failure to "sustain this protest" will "upend the procurement system by allowing agency contracting officers to end-run SBA's regulations and exclusive jurisdiction and reach their own varying and incorrect conclusions regarding a concern's size status." *See* Compl. ¶ 61. By sanctioning the VA's actions, the Court will "permit countless numbers of contracting officers across the country" to verify a business concern's size status which, in turn, will result in "harm" that "extends far beyond Millbrook and this procurement." *Id.* ¶ 79. These slippery-slope arguments overstate the significance of today's decision and, in any event, ignore the fact that federal agencies routinely rely on the determinations made by other agencies in the course of discharging their regulatory duties.

In the Court's view, the real risk lies in embracing Millbrook's position. Adopting Millbrook's position would run roughshod over unambiguous regulatory language and require the SBA to formally examine a business concern's size status every time a non-qualifying offeror requested. The delays that such a rule would impose on the federal procurement process are obvious.

The Court therefore finds that the VA did not act arbitrarily and capriciously when the agency relied on information contained in the SBA certification database showing that Millbrook was not an eligible SDVOSB at the time of the Task Order award. The Court accordingly **GRANTS** the Government's motion to dismiss Count II of Millbrook's complaint.

## V. Conclusion

Based on the foregoing analysis, the Court **GRANTS** the Government's motion to dismiss, ECF No. 18, and **DISMISSES** Millbrook's complaint in its entirety. The Court further **DENIES** Millbrook's request for permanent injunctive relief as the company's underlying claims fail as a matter of law.

The Court directs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge